# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

SARAH KENNARD and )
and TONI PILCHER, )
 )
    Plaintiffs, )
 )
v. ) Case No. CV414-139
 )
ANOTHER ADVENTURE )
DAY CARE, LLC )
 )
    Defendant. )

## ORDER

Plaintiffs Sarah Kennard and Toni Pilcher, former employees of defendant Another Adventure Day Care, LLC (AADC), brought this Title VII case against AADC. Doc. 1. Pursuant to Fed. R. Civ. P. 45(d)(3), AADC moves to quash plaintiffs' non-party subpoena to AADC's bank, Wells Fargo Bank ("Wells Fargo"). Doc. 19. The dispute arises from the fact that AADC denies it was Kennard's employer, doc. 6, at 1, though one of AADC's principals used an AADC account (at Wells Fargo) to pay her to care for his mother. Doc. 19 at 1; doc. 20 at 1. Plaintiffs want the bank's AADC records going back two years so they can check for corporate veil-piercing activities, doc. 20 at 1-2, as well as whether AADC "has a

practice of creating fraudulent employee records that is relevant to the instant case or has otherwise abused the corporate entity as it has done on Sarah Kennard's case." *Id.* at 3.

Disturbingly, however, AADC says this on page one of its motion:

> Pursuant to S.D. Ga. LR 26.5 and Fed. R. Civ. P. 26(c), undersigned counsel certifies that she attempted to contact [plaintiffs' counsel, Gwendolyn Fortson] Waring . . . by telephone and email in order to resolve this dispute without involving the Court. However, according to her assistant, Ms. Waring will be unavailable until October 13, 2014, which is the date of production specified on the subpoena. Ms. Waring has not responded to email correspondence regarding this issue.

Doc. 19 at 1 n. 1.

A lawyer being "not available," and who fails to respond to basic correspondence, is simply *not* a sufficient reason to violate the duty to confer, as underscored by Local Rule 26.5(c) ("[c]ounsel are reminded that Fed.R.Civ.P. (26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."). As this Court emphasized in a recent Rule 45 case, "[t]hat rule is enforced." *Hernandez v. Hendrix Produce, Inc.*, 2014 WL 953503 at * 1 (S.D. Ga. Mar. 10, 2014). And the conference must be meaningful. *Hernandez v.*

2

*Hendrix Produce, Inc.*, 297 F.R.D. 538, 540 (S.D.Ga. 2014).[1]

Requiring meaningful consultation can lead to informal resolution and thus conservation of court resources.[2] *Avera v. United Airlines, Inc.*, 465 F. App'x 855, 858–59 (11th Cir. 2012) (magistrate judge did not abuse

---

[1] More than a "we met and talked" certification is needed, though every case is different. *See DirecTV, LLC v. Shirah*, 2013 WL 5962870 at * 2 n. 3 (S.D. Ga. Nov. 6, 2013) (collecting cases); *Jackson v. Deen*, 2012 WL 7198434 at * 1 (S.D. Ga. Dec. 3, 2012) ("[n]either face-to-face nor telephone contact is necessarily essential to the 'good faith' certification requirement in every case. Sometimes letters, emails, or faxes will suffice. But under the circumstances here, the Court is persuaded that more is required than a mere back and forth salvo of papers.").

[2] The parties thus can take a moment and first revisit the liberal relevancy standard employed in the discovery phase of litigation. *Southard v. State Farm Fire & Cas. Co.*, 2012 WL 2191651 at * 2 (S.D. Ga. June 14, 2012) ("the relevancy standard for discovery is not the same as for at-trial evidence. For discovery it is more liberal, though not a fishing license."). They can then consult "economic reality" factors in analogous employment-based cases to try and resolve whether plaintiffs are entitled to the financial data their subpoena seeks. *See Bricker v. R & A Pizza, Inc.*, 804 F. Supp. 2d 615, 621-22 (S.D. Ohio 2011) (two employers may be considered joint employers when they handle certain aspects of their employer-employee relationship jointly; under this doctrine, an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law on the constructive employer, on the theory that this other entity is the employee's joint employer); *Long v. Aronov Realty Management, Inc.*, 645 F.Supp.2d 1008, 1029-30 (M.D. Ala. 2009) (discussing financial factors considered in joint-employer discrimination cases); *Doe v. Lee*, 943 F. Supp. 2d 870, 876 (N.D. Ill. 2013) (the existence, amount and kind of compensation received by a worker is relevant to, if not dispositive of, the issue of whether an individual is an employee under Title VII or a volunteer); *Donovan v. Tony & Susan Alamo Found.*, 722 F.2d 397, 400 n. 8 (8th Cir. 1983) (applying "economic reality" test to determine that religious foundation was employer of laborers under the Fair Labor Standards Act), cited in *Maurer v. Chico's FAS Inc.*, 2013 WL 6388451 at * 6 (E.D. Mo. Dec. 6, 2013) ("The Supreme Court has noted that whether a relationship is covered by the FLSA turns on the economic realities of the working relationship rather than technical definitions relating to employment.").

his discretion in denying, without prejudice, plaintiff's motion to compel discovery where plaintiff had not sought to resolve his discovery dispute with defendant before filing the motion); *In re Rhodes Companies, LLC*, 475 B.R. 733, 742 (D.Nev.2012) (affirming bankruptcy court's denial of protective-order motion based on moving party's failure to include such certification, rejecting "futility" assertion); *Jo Ann Howard & Associates, P.C. v. Cassity*, 2012 WL 1247271, at *8 (E.D. Mo. Apr. 13, 2012) (rejecting compulsion request in part because "the failure of the parties to communicate *materially* impeded their resolution of this matter.") (emphasis added).

Defendant AADC's motion to quash (doc. 19), then, is **DENIED** without prejudice to its right to renew it within 14 days of the date this Order is served, during which attorney Fortson *shall* be freely available, and both counsel shall meaningfully confer. Wells Fargo, meanwhile, is relieved of having to respond to the subpoena until the fifteenth day after this Order is served, and is further relieved if AADC timely renews its quash motion, after which it shall await further Court order.

Finally, the Court also **DENIES** (also without prejudice) plaintiffs'

4

just-filed quash motions (docs. 24, 25 & 26) for lack of the same "confer" certification. "Discovery, it must be remembered, should be a self-executing, extrajudicial exercise requiring at most infrequent court intervention[.]" *Jackson v. Deen*, 2012 WL 7198434 at * 1 (S.D. Ga. Dec. 3, 2012); *Scruggs v. International Paper Co.*, 2012 WL 1899405 at *1 (S.D. Ga. May 24, 2012). The Court will not tolerate such a casual disregard of its rules, much less the ensuing waste of its resources.

**SO ORDERED,** this 3rd day of November, 2014.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA