FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

SEP 30 2015

CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SARAH KENNARD and TONI PILCHER,

    Plaintiffs,

v.

ANOTHER ADVENTURE DAY CARE, LLC,

    Defendant.

CASE NO. CV414-139

## ORDER

Before the Court are Defendant's Motion for Summary Judgment as to Causes of Action Alleged by Plaintiff Toni Pilcher (Doc. 36) and Motion for Summary Judgment as to Causes of Action Alleged by Sarah Kennard (Doc. 37). Plaintiffs have responded in opposition to both motions. (Doc. 36; Doc. 37.) While reviewing Defendant's motions, however, this Court became increasingly confused as to the various claims alleged by Plaintiffs.

It is somewhat unclear from the initial complaint what claims are being brought by each respective Plaintiff. The initial complaint alleges facts unique to each Plaintiff and then list three substantive causes of action. In Count One, Plaintiffs allege that Plaintiff Kennard suffered damages "as a result of Defendant's discriminatory and

retaliatory employment practices" in violation of Title VII. (Doc. 1 ¶ 29.) Count Two alleges that Plaintiff Pilcher was subjected to "a hostile work environment causing her to be constructively discharged." (Id. ¶ 33.) Finally, Count Three appears to be a claim of intentional infliction of emotional distress brought by both Plaintiffs. (Id. ¶ 36.) While not a model of craftsmanship, Plaintiffs' initial complaint at least gave the Court a basic idea of what claims each Plaintiff brought against Defendant.

Despite being represented by the same counsel, Plaintiff Pilcher elected to file an amended complaint that purports to amend only those claims in the initial complaint brought on her behalf. (Doc. 29.) Oddly, the amended complaint states that "[t]his action is brought by Plaintiff Toni Pilcher" and "incorporates the original complaint as if fully set forth herein." (Id. at 1.) As if this did not create enough confusion already, Plaintiff Pilcher seems to dismiss her intentional infliction of emotional distress claim. (Id.) Of course, this creates a pleading paradox where that claim has now been both included by reference and dismissed in the same amended complaint.

But it gets worse. The amended complaint includes a section titled "PARTIES." (Id. ¶¶ 5-20.) While one would think that listing the parties in the amended complaint might be redundant based on the incorporation of the entire initial complaint, this portion of the amended complaint contains fifteen paragraphs. However, only two of the fifteen paragraphs provide information concerning the parties in this case. The remaining thirteen paragraphs are factual allegations, which the Court assumes are additional to those contained in the initial complaint.

The amended complaint goes on to list one cause of action against Defendants: retaliation in violation of Title VII. (Id. ¶ 21-22.) What is unclear is whether this is now the only cause of action Plaintiff Pilcher raises in this case, or if it is in addition to the hostile workplace claim alleged in the initial complaint. The Court's reading of the amended complaint, along with the record, leaves it in doubt.

Of course, the source of all this confusion is plaintiff counsel's decision to file an amended complaint, on behalf of only one plaintiff, that incorporated by reference the very document it purports to replace. This confusing state of affairs could have been easily avoided with just a little more effort on counsel's part. In

today's electronic world, the effort necessary to draft an amended complaint that wholly replaces the previous complaint is, at most, minimal. Instead, counsel has left this Court to comb through two separate complaints and cobble together the facts and claims involved in each, and then match them to a specific plaintiff. Even Defendant appears to have struggled somewhat with identifying the claims alleged by Plaintiff Pilcher. (Doc. 36, Attach. 1 at 1 n.1.)

At this point, the Court is going to decline Plaintiffs' invitation to reassemble their deconstructed complaint. Instead, Plaintiffs are **DIRECTED** to file, within twenty-one days from the date of this order, a second amended complaint containing all the facts and claims alleged by both Plaintiffs. The second amended complaint should clearly state the specific causes of action alleged by each particular Plaintiff. Each of those causes of action should be separated into distinct counts that clearly state the cause of action and the specific factual allegations that support an entitlement to relief.

In the interim, the Court will **HOLD IN ABEYANCE** Defendant's Motions for Summary Judgment. Defendant shall have thirty days from the date Plaintiffs file their second amended complaint to refile any motion for summary judgment

in response to the second amended complaint. The normal briefing schedule for responses and replies shall apply to any refiled motions. Should Defendant elect not to refile, the Court will address their original motions at that time. The Clerk of Court is **DIRECTED** to terminate Defendant's pending Motions for Summary Judgment (Doc. 36; Doc. 37) for statistical purposes only.

Importantly, counsel should be aware that the Court will not accept any amended complaint that incorporates by reference any factual allegation or cause of action contained in an earlier filing. Plaintiffs' second amended complaint should be a stand-alone filing that independently contains all their claims and factual allegations in this case. Out of an abundance of caution, the Court reminds Defendant that it is subject to the same requirements. Should Defendant elect to refile its motions for summary judgment, those motions should be stand-alone filings that independently contain all the arguments that Defendant wishes the Court to consider.

SO ORDERED this 30th day of September 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA